COURT OF APPEALS OF VIRGINIA

Present: Judges Decker, Malveaux and Senior Judge Haley
Argued at Fredericksburg, Virginia

CHRISTIAN AGOSTINO ALFRED
 BOGISLAV VON HASSELL

                                     MEMORANDUM OPINION* BY
v.       Record No. 0484-18-4       JUDGE MARY BENNETT MALVEAUX
                                        DECEMBER 18, 2018

ELIZABETH VON HASSELL

FROM THE CIRCUIT COURT OF CLARKE COUNTY
Alexander R. Iden, Judge

Charles E. Powers (Adam D. Rellick; Batzli Stiles Butler PC, on
brief), for appellant.

No brief or argument for appellee.


Christian Agostino Alfred Bogislav von Hassell ("husband") appeals a ruling of the

circuit court finding that he had divested himself of any rights to certain personal property.

Husband argues the circuit court erred by exceeding its statutory authority under Code

§ 20-107.3. Husband further contends the circuit court erred because Elizabeth von Hassell

("wife") failed to prove that the property at issue was gifted to the parties' sons. For the reasons

that follow, we affirm the judgment of the circuit court.

## I. BACKGROUND

Husband and wife married in 1993. They later had two sons and established a trust for

their sons' benefit. After husband and wife experienced financial difficulties, they began to sell

their real and personal property. Husband and wife separated in 2012, and wife filed for divorce

in 2014.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

During a divorce hearing in the circuit court in October 2015, wife introduced emails between the parties which dated from 2011 through 2014. In an October 9, 2011 email from husband to wife, husband discussed certain items of personal property. He told wife that he had labeled and packed in boxes "all photographs and silver," but also that he needed to "label all silver and other items . . . (as well as art)." Further, husband stated, "50 percent of the books . . . are in boxes." Husband then told wife that "[t]o restate - all these items do belo[ng] to [the parties' sons]. You ca[]n dispose of them as needed[.] All silver, art and other items of possible value belong to the two sons. If you need to sell do so[.]" Husband concluded by informing wife that the "[b]ottom line is that I do not own anything at all[.] Before you[] junk stuff, sell it etc….please consult with [husband's sister] or think about what it is[.]"

In a subsequent email to wife in June 2013, husband stated, "I do not want to be accused of keeping material objects from [you] as I handle a divorce . . . . See attached photos and advise what to send." The email concluded, "If you sell stuff - your move." Husband also emailed his sister in May 2014, asking, "Can you guide [wife] on what to sell . . . . Whatever should be sold…fine with me."

The circuit court addressed the issue of equitable distribution in a November 2015 letter opinion. In that opinion, the court ruled that "[t]he parties' separate property is comprised of any personal property presently in [each party's] possession." The court's final decree of divorce reflected this ruling and stated that "the parties shall retain their separate property, which is comprised of any personal property presently in their possession." Husband appealed the final decree to this Court. See von Hassell v. von Hassell, No. 0414-16-4 (Va. Ct. App. Nov. 15, 2016). On appeal, among other assignments of error, husband argued that the circuit court erred in classifying his pre-marital property in wife's possession as wife's separate property and failing to direct her to return that property to him.

In a memorandum opinion, this Court noted wife's admission that some of the items she possessed were acquired by husband prior to marriage and that the evidence supported the conclusion that some items were not her separate property. Id. at 7-8. Consequently, the Court held that the trial court erred in ruling that all the items in wife's possession were her separate property. Id. However, because wife presented evidence that husband may have divested himself of some items or turned some items over to the trust, "the fact that the property is not wife's separate property does not render it automatically husband's separate property." Id. at 8. The Court concluded that "the only way to resolve whether a particular item is husband's separate property or if he forfeited his interest in the item is to consider each contested item individually." Id. The Court reversed the circuit court's finding that the contested items of personal property in wife's possession were her separate property and remanded the issue "for the trial court to determine which items, if any, remain husband's separate property."[1] Id.

On remand, the circuit court ordered an evidentiary hearing to address the classification of contested items of personal property. At the hearing, wife submitted eighty exhibits and husband submitted twelve exhibits, each of which purported to represent an item or items at issue and in wife's possession. Wife testified that husband had told her to sell those items she needed or wanted to sell and contended that the remaining items belonged to the parties' sons. Wife also testified that with respect to the October 9, 2011 email, husband told her "everything went to the boys. So this [email] is not really specific to [items in] these boxes." Husband cross-examined wife on the items listed in his exhibits. Wife stated that some of the items were in her possession while others were in the possession of husband or the parties' sons. Wife also stated that some items had been sold, including items disposed of before the parties separated. She was unsure

---

[1] The Court also remanded the issue of spousal support for the circuit court to consider what effect, if any, its ultimate equitable distribution award might have on its spousal support award. von Hassell, No. 0414-16-4, at 14.

whether certain other items were in her possession and could not identify some objects from the descriptions in husband's exhibits.

At the conclusion of the hearing, the circuit court reviewed this Court's remand opinion and noted that this Court "specifically found that the trial court erred in ruling that the property was wife's separate property. That's the error that we're seeking to correct." It also stated that "[t]he remaining paragraph [of the opinion] the [c]ourt's going to read aloud because it is essentially the marching orders the [c]ourt believes that it's been given by the Court of Appeals." The circuit court then read into the record the portion of the opinion quoted above, which concludes with the instruction that the circuit court should determine which, if any, of the contested items in wife's possession remained husband's separate property. See von Hassell, No. 0414-16-4, at 8. The circuit court concluded that it "views that as instructions to identify and classify the items with a specific goal of [finding] which items, if any, remain husband's separate property."

The circuit court found that the items at issue consisted of the eighty items listed in wife's binder and the items listed in husband's binder which wife specifically testified were in her possession. With respect to the items' classification, it noted that husband had had the opportunity to cross-examine wife with regard to whether he had divested himself of the items and specifically noted husband's October 9, 2011 email to wife. The circuit court read the email into the record and then considered the possible scope of its subject matter and husband's statements. It concluded that under one possible reading of the email, husband's statements could be interpreted as "intend[ing] only [that] those items that are in the packed boxes [are] the ones that he divested himself of." Under a more expansive reading, husband's statements could be interpreted to mean "that he doesn't even own anything with regard to real estate . . . . That's obviously an absurd definition." Instead, the circuit court found, the email referred to personal

- 4 -

property and specifically to all the heirlooms and other items presently at issue.  It also found that as to those items, based upon the context of the email and the evidence presented during the October 2015 hearing and the remand hearing, "when [husband] said the bottom line is that I do not own anything at all, . . . each and every single one of those individual items [husband] has divested himself of and they no longer remain his separate property."  The circuit concluded by revisiting this Court's remand opinion and observing that the opinion neither "tasked [the court] with . . . having other parties before it, specifically the boys," nor tasked it with "determining to whom these individual items belong."  It then reiterated its narrow finding that, "commensurate with the Court of Appeals' opinion," husband had "divested himself of these individual items as indicated."

The circuit court entered its final order on February 26, 2018, in which it ordered that husband "has no rights in or to any of the personal property that has been identified and as to that property and its classification, [husband] has no rights to any of [it]."[2]  This appeal followed.

## II.  ANALYSIS

Husband first argues the circuit court exceeded its statutory authority regarding equitable distribution.  He contends that Code § 20-107.3(A) only confers jurisdiction upon a circuit court to "determine the legal title [to property] as between the parties," and thus the circuit court "had no jurisdiction to rule that [h]usband had divested himself of his separate property by gift to his children."  Since the children were not parties to the case, "granting them property rights, and incidentally delivering it to them by divesting [h]usband of any claim to the property, was error."

---

[2] The circuit court's final order incorporated by reference an addendum which ordered that "[s]ince this [c]ourt's equitable distribution award remains unchanged, [s]pousal [s]upport remains as set forth in the . . . Final Decree of Divorce."  We note that the circuit court's equitable distribution award did not in fact remain unchanged, since the personal property at issue previously had been classified as wife's separate property and was no longer so classified.  However, husband does not assign error to this ruling of the circuit court.

"Code § 20-107.3 governs equitable distribution in Virginia." Stevens v. Stevens, 59 Va. App. 274, 279 (2011). The statute provides, in pertinent part, that upon the request of either party to a divorce the circuit court "shall determine the legal title as between the parties, and the ownership and value of all property, real or personal, tangible or intangible, of the parties." Code § 20-107.3(A). The court shall also "consider which of such property is separate property, which is marital property, and which is part separate and part marital property." Id. The statute further provides that "[s]eparate property" includes "all property, real and personal, acquired by either party before the marriage" as well as "all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party." Code § 20-107.3(A)(1)(i) and (A)(1)(ii). A circuit court's classification of property is a factual finding. Ranney v. Ranney, 45 Va. App. 17, 31 (2005). Consequently, "that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Id. at 31-32.

Husband's argument is without merit. While husband is correct that Code § 20-107.3(A) only authorizes a circuit court to make property classifications and title determinations as between the parties to a divorce, husband mischaracterizes the circuit court's ruling. The circuit court did not find that husband had gifted the items at issue to his children and did not grant the children property rights in and to those items. In fact, the circuit court specifically disclaimed any such finding or grant, stating that it was "not tasked with . . . having other parties before it, specifically the [children]." Instead, adhering strictly to this Court's remand instruction that it "determine which [of the] items, if any, remain husband's separate property," von Hassell, No. 0414-16-4, at 8, the circuit court made only a narrow finding that husband had divested himself of any rights in and to any of the personal property identified as being in wife's possession. The circuit court then noted that, having found that the property could not be classified as husband's

separate property, its remand instructions did not "task[] [it] with determining to whom these individual items belong." Because the circuit court did not make a property classification or title determination involving a party other than husband or wife, we hold that the circuit court did not exceed its statutory authority under Code § 20-107.3(A).

Husband further argues the circuit court erred in finding that he had divested himself of rights to his personal property despite wife's failure to prove a completed gift of that property to the parties' sons. He contends that the circuit court's ruling "implies that it found all elements of an *inter vivos* gift" of the property to the parties' sons, and thus wife was required to prove that the elements of such a gift had been satisfied.

This argument is also without merit. The circuit court made no finding that husband had gifted the personal property at issue to his children or any other party. Instead, the circuit court found only that husband had divested himself of any interest in and to the items at issue and thus those items could not be classified as husband's separate property. As noted above, the circuit court expressed its recognition that on remand, once it made such a property classification with respect to husband, it was "not tasked with determining to whom these individual items belong" and it made no such determination. Nothing in the court's clear and narrow ruling supports husband's contention that the court implicitly found he had made a gift of the property at issue to the parties' sons. Because the circuit court made no finding that husband had gifted the items at issue to the parties' sons, no proof of any such gift was required.

### III. CONCLUSION

For the reasons stated above, we hold that the circuit court neither exceeded its statutory authority under Code § 20-107.3 nor erred by finding that husband had divested himself of

certain property where wife did not prove a gift of that property. Consequently, we affirm the judgment of the circuit court.

Affirmed.